**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| KAYLA M. BATTISHILL, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. 1:22-CV-380-HAB-SLC |
| | ) | |
| v. | ) | |
| | ) | |
| SCI INDIANA FUNERAL | ) | |
| SERVICES, INC., d/b/a D.O. | ) | |
| MCCOMB & SONS FUNERAL | ) | |
| HOMES-COVINGTON KNOLLS, | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

Plaintiff alleges against Defendant that:

1. Plaintiff is Kayla M. Battishill, a female who claims that she was terminated on account of her sex (female) and her perceived disability, a female sick with Covid, as is more fully set forth on her Charge of Discrimination No. 470-2022-00966, a copy of which was filed with Equal Employment Opportunity Commission which is attached hereto and made a part hereof as Exhibit A. The EEOC issued a Notice of Rights to Sue on or about June 21, 2022 (Exhibit B), and this Complaint has been filed within 90 days after receipt thereof.

2. Defendant is SCI Indiana Funeral Services, Inc., d/b/a D.O. McComb & Sons Funeral Homes – Covington Knolls, a corporation authorized to do business in the State of Indiana and does so at 1140 Lake Avenue, Fort Wayne Indiana, 46805. The registered agent for Defendant is Michael Davis located at 111

Maplewood Drive, Noblesville Indiana, 46062. Defendant is an "employer" for purposes of Title VII and the ADA.

3. Plaintiff was a female Funeral Director for Defendant at 1140 Lake Ave, Fort Wayne Indiana, 46805. Defendant is an "employer" for purposes of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990, 42 U.S.C § 12111 *et seq.*

4. Plaintiff alleges that she was discriminated against, retaliated against, and discharged on account of her sex (female) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e *et seq.* ("Title VII") and her disabilities/ perceived disabilities (depression/anxiety and COVID-19) which impaired Plaintiff's ability to breath and which required her to take medical leave. Plaintiff was a qualified individual with a disability in that she could, either with or without reasonable accommodations, perform the essential functions of her job; alternatively, Plaintiff was perceived and regarded as disabled; or Plaintiff was discriminated against as a result of a record of disability/impairment.

5. Similarly-situated male Funeral Directors were treated better than the Plaintiff in that they were paid more money and performed less work than the Plaintiff and Plaintiff, as a female, was disciplined disproportionately compared to male Funeral Directors, and Plaintiff suffered disparate discipline compared to similarly situated male employees and received less money than similarly situated male employees.

6. Plaintiff seeks compensatory damages in that Defendant's discrimination,

retaliation, and discriminatory discharge of the Plaintiff caused Plaintiff to suffer pecuniary damages, financial losses, a loss of her job and job-related benefits including income, emotional distress, mental anguish, humiliation, embarrassment, inconvenience, and other damages and injuries.

7.  Defendant acted intentionally and in reckless disregard when it discriminated against, retaliated against, and discharged the Plaintiff, warranting an imposition of punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant, for pecuniary damages, compensatory damages, punitive damages, reasonable attorney's fees and costs under Title VII and the ADA, and for all other just and proper relief in the premises.

## <u>JURY DEMAND</u>

Pursuant to Rule 38(b) of the Federal Rules of Trial Procedure, Plaintiff demands a trial by jury in this action

Respectfully submitted,

**MYERS SMITH WALLACE, LLP**

*/s/ Christopher C Myers*_____
Christopher C. Myers #22818-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone: (260) 424-0600
Facsimile: (260) 424-0712
E-mail:  cmyers@myers-law.com
*Counsel for Plaintiff*